IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA C. ARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-00180-PRW |
| ) | |
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This matter comes before the Court on United States Magistrate Judge Suzanne Mitchell's Report and Recommendation (Dkt. 7) recommending the denial of Plaintiff Joshua C. Arnett's motion to waive fees (Dkt. 2) and the dismissal of the case for failure to comply with the Court's order to cure the deficiencies in his application to proceed *in forma pauperis* ("IFP"). The Report and Recommendation advised Plaintiff of his right to file an objection by April 18, 2023. Plaintiff did not file an objection before that deadline, instead filing a new motion to proceed IFP on April 20, 2023, this time on the proper form.

Plaintiff filed his complaint (Dkt. 1) against nine defendants on February 21, 2023, pursuant to 42 U.S.C. § 1983, and the case was referred to Magistrate Judge Mitchell for initial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). Neither Plaintiff's complaint nor his motion to waive fees were on the proper forms, and the motion to waive fees lacked a certified copy of his institutional accounts statement and the signature of an authorized jail official. Magistrate Judge Mitchell thus ordered Plaintiff to cure the deficiencies in his complaint and his IFP application by March 20, 2023.

1

To assist Plaintiff in complying with the Court's order, the Clerk of Court sent Plaintiff a Pro Se Civil Rights Complaint form and an IFP application form to his last known address. On March 13, 2023, Plaintiff filed an amended complaint on the form the Clerk of Court had provided to him. Plaintiff did not, however, file an amended IFP application by March 20 or request an extension of time to comply with the Court's order. Instead, after failing to object to the Report and Recommendation within the prescribed time limit, Plaintiff filed a new IFP application on April 20, 2023.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." This rule "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[1] Indeed, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."[2] And though Plaintiff appears *pro se*, he is "[held] . . . to the same rules of procedure as other litigants."[3]

Because Plaintiff did not comply with the Court's order to cure the deficiencies in his IFP application by March 20, 2023, or request an extension of time, and "to manage [the Court's] affairs so as to achieve the orderly and expeditious disposition of cases,"[4] the

---

[1] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[2] *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

[3] *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007).

[4] *United States ex rel. Jimenez*, 400 F.3d at 855 (quoting *Link*, 370 U.S. at 630–31).

Court **ADOPTS** the Report and Recommendation (Dkt. 7), **DENIES** the motion to waive fees (Dkt. 2), and **DISMISSES** Plaintiff's case without prejudice to refiling. The IFP application (Dkt. 8) is **DENIED AS MOOT**.

    **IT IS SO ORDERED** this 25th day of April 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE